SAMUEL C. SAYERS *v.* ELISHA W. COLEMAN, ETC.

**Husband and Wife—Conveyance by Wife to Husband or to Themselves is Void—Two Parties are Necessary to a Deed.**

A wife cannot convey to her husband, because she cannot, on account of her disability of coverture, make a deed unless her husband joins her in its execution. She and her husband cannot, in conjunction, make a deed to the latter, nor to themselves, because two parties are necessary to every deed and the same person cannot occupy the attitude of grantor and grantee, donor and donee.

APPEAL FROM KENTON CHANCERY COURT.

September 12, 1872.

OPINION BY JUDGE PETERS:

Appellant, who was the husband of Mrs. Harriett Sayers, deceased, claims a life estate in 136 acres of land in Kenton county, and two lots near the city of Covington which Mrs. Sayers held in fee under a deed bearing date 6th of December, 1868, by which he and his wife attempts to convey a life estate in said lands to themselves and to the survivor of them, remainder to the brothers and sisters of Mrs. Sayers of the whole blood.

Mrs. Sayers having died this suit was brought by a portion of her heirs against the others for partition or sale of the real estate left by her, and appellant being in possession was made defendant. He filed an answer and claimed under said deed, and a demurrer having been sustained to his answer, he has appealed to this court.

It is a well settled principle that a wife cannot convey to her husband, because she cannot on account of her disability of coverture make a deed unless her husband join her in its execution. She and her husband cannot in conjunction make a deed to the latter, nor to themselves, because two parties are necessary to every deed. And the same persons cannot occupy the attitude of bargainor and bargainee, donor and donee.

Second. It is a maxim of the common law that the husband and wife cannot make a valid contract with each other during the coverture, the true reason for which is that the wife is regarded as under the coercion of the husband, whereby she is deprived of the freedom of volition, and should not be bound by her con-

tracts with him.  *Scarborough v. Watkins and Wife,* 9 B. Mon.
540.

The demurrer was therefore properly sustained to Sayers'
answer, and as the other defendants in the court below do not
complain of the judgment of that court, the same is affirmed on
the appeal of S. C. Sayers.

*J. M. Collins, Carlisle, for appellant.*
*Stevenson, Myers, for appellant.*